**FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
3470 Wilshire Blvd., Suite 614
Los Angeles, California 90010
Telephone: (213) 384-6964
Facsimile:   (213) 383-7368
E-Mail:      maimons@aol.com

Attorney for Plaintiffs
BRK HOSPITALITY INC.,
a California Corporation,
Successor by Convertor To
BRK HOSPITALITY, LLC,
a California Limited Liability
Company, RAJESHKUMAR
VALLABH. DAKSHA VALLABH

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRK HOSPITALITY INC., a California Corporation, Successor By Convertor To BRK HOSPTALITY, LLC, a California Limited Liability Company; RAJESHKUMAR VALLABH; DAKSHA VALLABH, <br><br> Plaintiffs, <br><br> v <br><br> FIRST HOME BANK; TOTAL LENDER SOLUTIONS, INC.; DOES 1-10 INCLUSIVE, <br><br> Defendants. | Case No.: CV25-00606 <br><br> **COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF** <br><br> **[VIOLATION OF 18 U.S.C. SECTION 1964 – RICO AND 42 U.S.C. SECTIONS 1981 AND 1982]** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs BRK HOSPITALITY INC., a California Corporation, Successor by Convertor to BRK HOSPITALITY, LLC, a California Limited Liability Company, RAJESHKUMAR VALLABH, DAKSHA VALLABH (collectively "Plaintiffs," or individually "BRK," "RV," "DV") hereby file the following Complaint by and state and allege as follows:

**JURISDICTION AND VENUE**

1.   Jurisdiction of the federal court exists under 28 U.S.C. Section 1331 and 28 U.S.C. Section 1964 and 42 U.S.C. Section 1982. This action which arises under the laws of the United States, and involves violations of federal law actionable under 18 U.S.C. Section 1964(c) and 42 U.S.C. Section 1982.

**PARTIES**

2.   Plaintiff BRK is a closely held corporation duly formed and operating under the laws of the State of California whose principal place of business is at 1251 E. Main Street, Barstow, CA 92311.

3.   Plaintiffs RV and DV are husband and wife and are the principal owners and directors of Plaintiff BRK, and RV and DV reside at 1251 E. Main Street, Barstow, CA 92311.

4.   Defendant FIRST HOME BANK aka FIRST HOME BANCORP INC. BAYFIRST FINANCIAL CORP. ("FHB"), is a corporation duly formed and operating, under the laws of Florida with a principal office in St. Petersburg, FL and is authorized to do business in California.

5.   Defendant TOTAL LENDER SOLUTIONS, INC.  ("TLS") is a Corporation duly formed and operating under the laws of California and whose principal office is at 10505 Sorrento Valley Road, Suite 125, San Diego, CA 92121.

6.  The true names and capacities, whether individual, corporate, associate or otherwise, herein named as Does 1 through 10, and persons heretofore unknown involved in the actions taken against the plaintiff are unknown to him at this time. Plaintiff is informed and believes and based thereon allege that each of the DOE defendants are responsible in some manner for the events herein referred to, and that plaintiff's injuries and damages as herein alleged were proximately caused by those defendants. Plaintiff sues said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiff will amend this complaint when the true names and capacities of said Doe defendants are ascertained. Each reference in this complaint to "defendant," defendants," or a specifically named defendant also refers to defendants sued under their fictitious names.

## FACTS COMMON TO ALL CLAIMS

7.   Plaintiff RV and DV are Asian-Indian and non caucasian.who were born and raised in India and legally immigrated to the United States years ago and became hotel and motel developers and operators.

8.   At all relevant times herein, Plaintiffs RV and DV owned and operated a motel located at 444 Pine Lake Avenue, LaPorte, IN 46350 ("IN Motel"), by way of a closely held corporation that they were principals and directors of called BRK COLORADO INC., a Colorado Corporation ("BRK Colorado").

9.   On or about March 23, 2022, FHB agreed and approved a sale of the IN Motel by BRK Colorado to a third party buyer named MAPLE CITY HOSPITALITY, LLC, an Indiana Limited Liability Company ("MC"), and in doing so agreed that FHB note and collateral for a bank loan no. 1702597006 in the original face amount of $4,410,000.00 ("Loan") would be fully paid and BRK Colorado and Plaintiffs RV and DV released from the loan, including, any successors, agents, and property held by said Plaintiffs, by payment to FHB from the $2,612,287.34, and to terminate all security instruments held by FHB against Plaintiffs' property in consideration of the payoff amount from the sale of IN Motel.

10.   In consideration of the agreement set forth in paragraph 9 above, FHB received $2,612,287.34 from the sale of BRK Colorado, which sale closed on March 25. 2022.

11.   Despite the agreement and payment to FHB of the $2,612,287.34 from the sale of BRK Colorado, FHB refused, continues to refuse, to terminate and reconvey a Deed of Trust recorded on their motel commonly known as the RODEWAY INN ("Rodeway Inn") located at 1251 E. Main Street, Barstow, CA 92311., and recorded in the official records of San Bernardino County, CA on January 11, 2018 as Instrument No. 2018-0011143 in the amount of the Loan, $4,410,000.00, with BRK as the Trustor and FHB as the Beneficiary of the Deed of Trust.

12.   In entering into the agreement in paragraph 9 above, FHB drafted the agreement and Plaintiffs RV and DV were not represented by counsel and were not advised to do so by FHB, relying on the false representations of multiple officers of FHB at such time of the sale that the sale of the IN Motel and disbursement of

funds to FHB from the sale would terminate and FHB would reconvey the Deed of Trust on the Rodeway Inn.

13.  On November 12, 2024, FHB and TLS, as the successor Trustee of the Deed of Trust, agreed to foreclose on the Rodeway Inn for alleged non-payment on the Loan alleged to be secured by the Deed of Trust and caused to be delivered to BRK and Plaintiffs RV and DV, by U.S. Mail, a Notice of Default ("NOD") recorded in the official Records of San Bernardino County, said defendants, and each of them, knowing that no monies remained owing on the Loan and Deed of Trust pursuant to the sale of the IN Motel and disbursement of funds to FHB from the sale in 2022 as described in paragraphs 9-12 above.

14.  In furtherance of the actions and agreement between FHB and TLS to fraudulently foreclose on the Rodeway Inn, on February 25, 2025, FHB and TLS and caused to be delivered to BRK and Plaintiffs RV and DV, by U.S. Mail, a Notice of Trustee's Sale ("NOS") recorded in the official Records of San Bernardino County, said defendants, and each of them, once again knowing that no monies remained owing on the Loan and Deed of Trust pursuant to the sale of the IN Motel and disbursement of funds to FHB from the sale in 2022 as described in paragraphs 9-12 above.

15.  The Trustee's Sale for the Rodeway Inn is set for April 1, 2025.

16.  The previous Trustee named in the Deed of Trust, TICOR TITLE COMPANY OF CALIFORNIA ("Ticor") was substituted out as Trustee by FHB and TLS placed

as the Trustee in their place as Ticor refused to foreclose on the Rodeway Inn when requested to do so by FHB.

17.    In doing the actions, as set forth in paragraphs 7-16 above, the Defendants, and each of them, used instrumentalities of the United States mail, e-mail and text messages in communicating with each other, and with Plaintiffs BRK, RV and DV, which constitutes a federal crime under 18 U.S.C. Sections 134, mail fraud..

18.   Based, on the foregoing, Plaintiffs alleges the following claims for relief.

## FIRST CLAIM OF RELIEF

### (Violation of 18 U.S.C. Section 1964(c) by All

### Plaintiffs Against All Defendants)

19.   Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-18 above.

20.   The actions of the Defendants, and each of them, constitutes a federal crime under 18 U.S.C. Section 1341, U.S. mail fraud, and bank fraud, such federal crimes being actionable under 28 U.S.C. Section 1964©.

22.    Said Defendants, and each of them, agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiff with the use of the instrumentalities of the U.S. mail, in violation of 18 U.S.C. Sections 1341, and bank fraud, constituting a pattern of racketeering activity pursuant to 18 U.S.C. Sections 1961(1) and (5).

23.    Said Defendants, and each of them, have directly and indirectly

conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering activity above.

24.  As a proximate result of the foregoing actions of the Defendants, and each of them, racketeering activities, and violations of 18 U.S.C. 1961 (1), (5), and 18 U.S.C. 1964©, Plaintiffs have been injured in his business and according to proof at trial but not less than $10,000,000.00 against each defendant. Plaintiffs are also entitled to their reasonable attorney's fees and treble damages.

## SECOND CLAIM OF RELIEF

### (Violation of 42 U.S.C. Section 1981 by All Plaintiffs

### Against All Defendants)

25.  Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-24 above.

26.    Plaintiff further allege that in doing all of the things herein mentioned, the defendants, and each of them, violated plaintiff's federal civil rights and guarantees under 42 U.S.C. Section 1981 that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts," by racially discriminating against Plaintiffs in the making and execution of the agreement between them on the basis of their being Asian-Indian and non caucasian.

27.    Defendants FHB and TLS are not entitled to any immunity, qualified or otherwise.

28.   As a proximate result of the foregoing actions of the defendants and each of them, plaintiffs has been injured and suffered economic and non-economic damages according to proof at trial but believed to be not less than $10,000,000.00 against each defendant, and is also entitled to appropriate declaratory and injunctive relief.  Plaintiff is also entitled to exemplary damages and to his reasonable attorney's fees under 42 U.S.C. Section 1988.

## THIRD CLAIM OF RELIEF

**(Violation of 42 U.S.C. Section 1982 by All Plaintiffs**

**Against All Defendants)**

25.   Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-24 above.

26.   Plaintiffs further allege that in doing all of the things herein mentioned, the defendants, and each of them, violated plaintiff's federal civil rights and guarantees under 42 U.S.C. Section 1982 that guarantees the same property rights as white citizens, including the right to "inherit, purchase, lease, sell, hold, and convey real and personal property, in every state and territory," by racially discriminating against Plaintiffs in the foreclosure of the Deed of Trust on the basis of their being Asian-Indian and non caucasian.

27.   Defendants FHB and TLS are not entitled to any immunity, qualified or otherwise.

28.    As a proximate result of the foregoing actions of the defendants and each of them, plaintiffs has been injured and suffered economic and non-economic damages according to proof at trial but believed to be not less than $10,000,000.00 against each defendant, and is also entitled to appropriate declaratory and injunctive relief.  Plaintiff is also entitled to exemplary damages and to his reasonable attorney's fees under 42 U.S.C. Section 1988.

WHEREFORE, Plaintiffs pray judgment against the Defendants, and each of them, as follows:

**FIRST CLAIM FOR RELIEF**

1.    For damages according to proof at trial but
        believed to be not less than $10,000,000.00;

2.    For treble damages;

3.    For attorney's fees;

**SECOND CLAIM FOR RELIEF**

4.  For damages according to proof at trial but
        believed to be not less than $10,000,000.00;

5.    For exemplary damages;

6.    For attorney's fees;

1

## **THIRD CLAIM FOR RELIEF**

2

    7.   For damages according to proof at trial but

3

       believed to be not less than $10,000,000.00;

4

5

   8.  For exemplary damages;

6

   9.  For attorney's fees;

7

## **FOR ALL CLAIMS FOR RELIEF**

8

9

   10. For costs of suit;

10

   11. For such other and further relief as the Court deems proper.

11

12    Dated: March 12, 2025       LAW OFFICES OF FRANK A. WEISER

13

            By: /s/ Frank A. Weiser

14

            _____

15    FRANK A. WEISER, Attorney for
for Plaintiffs BRK

16    HOSPITALITY INC.,
a California Corporation, Successor

17    by Convertor To BRK HOSPITALITY,
LLC, a California Limited Liability

18    Company, RAJESHKUMAR
VALLABH, DAKSHA VALLABH

19

20

## **DEMAND FOR JURY TRIAL**

21        Plaintiff hereby demands a jury trial pursuant to F.R.C.P. 38.

22    Dated: March 12, 2025       LAW OFFICES OF FRANK A. WEISER

23

            By: /s/ Frank A. Weiser

24

            _____

25    FRANK A. WEISER, Attorney for
for Plaintiffs BRK

26    HOSPITALITY INC.,
a California Corporation, Successor

27    by Convertor To BRK HOSPITALITY,
LLC, a California Limited Liability

28    Company, RAJESHKUMAR
VALLABH, DAKSHA VALLABH.